**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JANET REGAN**                                                        **PLAINTIFF**

**v.**                                        **Civil Action No. 1:12-cv-00310-HSO-RHW**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security**                    **DEFENDANT**

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTIONS [17], ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [16], DENYING PLAINTIFF'S MOTION TO REVERSE
OR REMAND [12], AND AFFIRMING THE COMMISSIONER OF SOCIAL
SECURITY'S DECISION**

This matter is before the Court on Plaintiff Janet Regan's Objections [17] to

Magistrate Judge Robert H. Walker's Report and Recommendation [16].  The

Magistrate Judge reviewed Plaintiff Regan's Motion [12] to Reverse or Remand the

Commissioner of Social Security's decision denying Plaintiff disability benefits.  The

Magistrate Judge recommended that Plaintiff's Motion be denied and the

Commissioner's decision affirmed.  Rep. and Rec. [16] at 11. Plaintiff has filed

Objections [17] to the Report and Recommendation, and Carolyn W. Colvin, Acting

Commissioner of the Social Security Administration, has filed a Response [20] to

Plaintiff's Objections.

After review of the record and the relevant law, the Court finds that

Plaintiff's Objections [17, 18] should be overruled, the Magistrate Judge's Report

and Recommendation [16] should be adopted in its entirety as the finding of the

Court, Plaintiff's Motion [12, 13] to Reverse or Remand should be denied, and the

Commissioner's decision should be affirmed.

## I.  BACKGROUND

### A.    Standard of Review

Because Plaintiff has filed Objections to the Magistrate's Report and Recommendation, this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made").  In reviewing the Commissioner's decision, a federal court considers only whether the Commissioner applied the proper legal standards and whether substantial evidence in the record supports her decision.  *Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012) (citation omitted).  Substantial evidence must be more than a scintilla, but it need not be a preponderance.  *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (citation omitted).

To the extent that a plaintiff does not object to portions of a magistrate judge's report and recommendation, the Court need not conduct a *de novo* review of it.  28 U.S.C. § 636(b)(1).  In such cases, a court need only review the proposed findings of fact and recommendation and determine whether they are either clearly erroneous or contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

B.      Standard for Entitlement to Social Security Benefits

The United States Court of Appeals for the Fifth Circuit has explained that

in order to qualify for Social Security disability benefits

> [t]he claimant has the burden of proving she has a medically
> determinable physical or mental impairment lasting at least twelve
> months that prevents her from engaging in substantial gainful activity.
> *See* 42 U.S.C. § 423(d)(1)(A).  Substantial gainful activity is defined as
> work activity involving significant physical or mental abilities for pay or
> profit.  20 C.F.R. § 404.1572(a) and (b).  The ALJ uses a five-step
> sequential process to evaluate claims of disability and decides whether:
> (1) the claimant is not working in substantial gainful activity; (2) the
> claimant has a severe impairment; (3) the claimant's impairment meets
> or equals a listed impairment in Appendix 1 of the Regulations; (4) the
> impairment prevents the claimant from doing past relevant work; and (5)
> the impairment prevents the claimant from doing any other work. 20
> C.F.R. § 404.1520.
>
> The claimant bears the burden of proof on the first four steps and the
> burden shifts to the Commissioner for the fifth step.  Thus, the claimant
> must show first that she is no longer capable of performing her past
> relevant work.  20 C.F.R. § 404.1520(e).  If the claimant satisfies this
> burden, then the Commissioner must show that the claimant is capable
> of engaging in some type of alternative work that exists in the national
> economy.  *See Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987).
> Once the Commissioner makes this showing, the burden of proof shifts
> back to the claimant to rebut this finding.  *Id.*

*Newton v. Apfel*, 209 F.3d 448, 452–53 (5th Cir. 2000).

C.      Procedural History

On September 14, 2009, Plaintiff filed an application with the Social Security

Administration for a period of disability and disability insurance benefits, alleging

disability beginning January 31, 2007, through June 30, 2008.  R. [8] at 126.

Plaintiff's last date insured was June 30, 2008.  Plaintiff alleges that she became

disabled at the age of 48.  R. [8] at 126, 140.  The Social Security Administration

-3-

denied Plaintiff's application on January 26, 2010, and again on reconsideration on March 20, 2010. R. [8] at 103. Plaintiff filed a written request for a hearing on March 30, 2010. R. [8] at 103. The Administrative Law Judge ["ALJ"] conducted a hearing on February 18, 2011. R. [8] at 15.

On March 29, 2011, the ALJ issued his decision and determined that (1) Plaintiff did not engage in substantial gainful activity from her alleged onset date of January 31, 2007, through the last date insured of June 30, 2008; (2) through the last date insured, Plaintiff had the following severe impairments: status post neck surgery, thoracic spine and lumbar spine; (3) through the last date insured, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1; (4) through the last date insured, Plaintiff had the residual function capacity to perform light work as defined in 20 C.F.R. 404.1567(b), with certain delineated exceptions; (5) transferability of job skills was not material to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding that the claimant was "not disabled," whether or not Plaintiff has transferable job skills; and (6) considering Plaintiff's age, education, work experience, and residual function capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed during the purported period of disability. R. [8] at 15-22. The ALJ concluded that "[b]ased on the application for a period of disability and disability insurance benefits filed on September 14, 2009, the claimant was not disabled

under sections 216(I) and 223(d) of the Social Security Act through June 30, 2008, the last date insured." R. [8] at 29.

On March 30, 2011, Plaintiff sought review of the ALJ's decision before the Appeals Council. R. [8] at 103. Plaintiff submitted additional medical records to the Appeals Council that had not been provided to the ALJ. The additional medical records consisted of the treatment records of Dr. Mary Rosenquist, D.O., Plaintiff's primary treating physician from 2005 until April 2008. According to Plaintiff's counsel, he attempted to obtain Dr. Rosenquist's treatment records on January 17, 2011, thirty-two days prior to the ALJ hearing, "but received no response from Dr. Rosenquist." Mem. [18] at 2. Counsel states that he informed the ALJ of his difficulties in obtaining the records. *Id.*

The Appeals Council, with the benefit of Dr. Rosenquist's newly-submitted treatment records, "found no reason under [its] rules to review the Administrative Law Judge's decision," and thus "denied [Plaintiff's] request for review." R. [8] at 5. Plaintiff then filed her Complaint [1] in this Court on October 11, 2012, seeking reversal of the Commissioner's decision that she is not entitled to disability benefits, or requesting remand for an additional hearing before the ALJ.

## II. <u>ANALYSIS</u>

A.   <u>The Administrative Law Judge's Decision</u>

Plaintiff was last employed in January 2007, and alleges an onset of disability beginning January 31, 2007. R. [8] at 58. Medical records indicate that Plaintiff was experiencing neck pain radiating to her arm in April 2007. R. [8] at

744, 285-86.  Around August 2007, Dr. Rosenquist referred Plaintiff to Dr. Terry

Smith, a neurosurgeon. R. [8] at 285-86.  Dr. Smith prescribed physical therapy,

which did not alleviate Plaintiff's symptoms.  On September 27, 2007, Dr. Smith

performed a C5-C6 anterior cervical corpectomy and fusion on Plaintiff's neck.  R.

[8] at 285.  Dr. Smith's treatment records indicate that Plaintiff complained of pain

for two months after the surgery, but her strength, sensation, reflexes, and gait

were normal and her incision "look[ed] good."  R. [8] at 278-79.  In December 2007,

Plaintiff reported to Dr. Smith that she was almost back to normal and not taking

any pain medication.  R. [8] at 19, 276.  Dr. Smith directed Plaintiff to return for

treatment "as needed."  R. [8] at 277.

In December 2007, Dr. Lidgia R. Vives-Jackson, M.D., board certified in

general and vascular neurology, diagnosed Plaintiff with cervical radiculopathy,

lumbar degenerative disc disease, and degenerative joint disease.  R. [8] at 296.

When Plaintiff last saw Dr. Vives-Jackson on May 19, 2008, forty days prior to the

last date insured, Dr.Vives-Jackson noted that Plaintiff had experienced

improvement in her symptoms after visiting a chiropractor.  R. [8] at 292.

Examination by Dr. Vives-Jackson revealed "no objective sensory loss" and "5/5

strength proximally and distally."  R. [8] at 292.

Plaintiff ceased treatment with Dr. Vives-Jackson and transferred her care to

a different neurologist, Dr. Abha Mishra.  Her first appointment with Dr. Mishra

was on July 15, 2008, fifteen days after the last date last insured.  R. [8] at 485.

Plaintiff complained of neck pain.  She stated that she had noticed "some

improvement with her paresthesias and pain" but still had these symptoms
"intermittent[ly]" in her upper extremities and lower extremities "after doing
physical work during the day." R. [8] at 485. Over the ensuing few months, Dr.
Mishra's records indicate that Plaintiff's symptoms were well-controlled with
medication. R. [8] at 482-483. Dr. Mishra's records do not indicate that Plaintiff
reported "severe lower extremity pain" until July 13, 2009, 378 days after the last
date insured. R. [8] at 480.

After reviewing the medical evidence, hearing testimony from a vocational
expert, and hearing testimony from Plaintiff, which he found not fully credible, the
ALJ concluded that Plaintiff was not disabled through the last date insured. In so
finding, the ALJ gave controlling weight to the medical opinion of Dr. Smith, while
rejecting the medical opinion of Dr. Mishra. R. [8] at 19-20. The ALJ gave
considerable weight to an Office of Disability Determination Services Disability
Report Form completed by Dr. Smith on October 13, 2009, wherein Dr. Smith
indicated that Plaintiff "was doing fine when I last saw her. No reason for
disability then." R. [8] at 276. The ALJ also credited the opinions of state agency
physicians and a vocational expert, who opined that Plaintiff could have performed
light work through the last date insured. R. [8] at 20.

The ALJ considered the only document before him pertaining to Dr.
Rosenquist's treatment of Plaintiff, a "to whom it may concern" statement
completed by Dr. Rosenquist in 2010 regarding her impression of Plaintiff "as of
May 2008." R. [8] at 492. In her statement, Dr. Rosenquist checked "yes" or "no"

next to a list of symptoms.  She indicated that "as of May 2008," Plaintiff experienced the following symptoms: on protracted standing/walking, Plaintiff experienced low back pain and fatigue; on protracted sitting, she experienced low back pain; her pain was frequently sufficient to interfere with her concentration; at least several days per week Plaintiff would have to recline much or most of the day. R. [8] at 492.  Dr. Rosenquist did not complete the section of the statement asking her to opine regarding whether Plaintiff's cervical pain was exacerbated by "staring ahead at a computer screen for protracted periods" or "looking down, as to read or write for protracted periods."  R. [8] at 492.  Dr. Rosenquist also did not complete the section seeking her views regarding Plaintiff's residual functional capacity for employment.  R. [8] at 492.  The ALJ discounted Dr. Rosenquist's statement because it was unaccompanied by supporting treatment records, Dr. Rosenquist "only marked symptoms," and Dr. Rosenquist "did not assign any limitations" to Plaintiff.  R. [8] at 20.

The ALJ rejected Dr. Mishra's medical opinion because Dr. Mishra did not treat Plaintiff until after the date last insured, and "the severe limitations [he] assigned the claimant were not present prior to the date last insured."  R. [8] at 20. The ALJ emphasized that when Plaintiff first saw Dr. Mishra on July 15, 2008, Plaintiff "admitted improvement with her paresthesias and pain since her neck surgery."  R. [8] at 20.  As further support for his conclusion that Plaintiff was not disabled prior to the date last insured, the ALJ stressed that "[m]ost of the claimaint's treatment has been since her date last insured.  No physician prior to

-8-

that time gave her any limitations or stated she was unable to work." R. [8] at 20.

The ALJ emphasized that in December 2007, Plaintiff "admitted to getting back to almost normal following her neck surgery and examinations were essentially unremarkable." R. [8] at 20. With respect to Plaintiff's reported symptoms, the ALJ found:

> She had surgery on her neck in September 2007, which helped. She has problems with her left arm following surgery. When her blood pressure is high, she takes medications. She has problems with her back. She can walk 30 yards. She can lift ten pounds. She has pain when she turns her head around. She has pain in her neck and back and down to her calves. Her pain level is usually eight, but some days it is worse. On bad days, she lies down. At least two days a week she is in bed all day. Her medications cause her to have difficulty concentrating.

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of the these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

R. [8] at 19.

B.   Plaintiff's Motion to Reverse or Remand

In her Motion [12] to Reverse or Remand, Plaintiff seeks to overturn the ALJ's finding that she was not disabled through the last date insured. Plaintiff argues that the ALJ erred by (1) rejecting the medical opinion or Dr. Mishra, (2) giving too much weight to the opinion of Dr. Smith, and (3) failing to adequately

develop the record by obtaining and reviewing the treatment records of Dr. Rosenquist.  Plaintiff also argues that the Appeals Council erred because it did not state any reason, much less good cause, for not adopting the findings in Dr. Rosenquist's treatment records.

Plaintiff asserts that Dr. Mishra's opinion should have been credited and given more weight than Dr. Smith's because Dr. Mishra's treatment of Plaintiff was more proximate to the last date insured.  Mem. [13] at 3-4.  Dr. Mishra first treated Plaintiff fifteen days after the date last insured, while Dr. Smith's last treatment of Plaintiff was six months and 26 days prior to the last date insured.  *Id.*  Plaintiff contends that Dr. Smith's testimony should not have been given considerable weight because Dr. Smith treated Plaintiff's cervical spine only and did not "treat nor even appear to be aware of plaintiff's lumbar spine impairments."  Mem. [18] at 9.

C.    The Magistrate Judge's Report and Recommendation

After reviewing the entire record, the Magistrate Judge concluded that substantial evidence in the record supported the ALJ's decision and that the decision was in accord with relevant legal standards.  Rep. and Rec. [16] at 11.  The Magistrate Judge found that "[t]he ALJ did not err in choosing to give greater weight to the medical opinion of [Plaintiff's] treating neurosurgeon Dr. Terry Smith than other physicians."  Rep. and Rec. [16] at 10. The Magistrate Judge determined that Dr. Vives-Jackson's treatment records were consistent with Dr. Smith's in that both indicated that Plaintiff experienced significant improvement after surgery.  *Id.*

-10-

at 3-4.  The Magistrate Judge stressed that even Dr. Mishra's early treatment records of Plaintiff indicate that Plaintiff's pain and fatigue symptoms had improved since surgery.  R. [8] at 474-85.  The Magistrate Judge stated that "[t]he ALJ's finding that [Plaintiff] reported pain more severe and disabling than her medical records substantiate is amply supported by the medical evidence of record." Rep. and Rec. [16] at 6.  The Magistrate Judge concluded that "[s]ubstantial evidence exists to support the ALJ's decision that Dr. Rosenquist's opinion was untimely and that it did not indicate or establish any disabling limitations on or before [Plaintiff's] date of last insurance."  *Id.* at 9.

D.   Plaintiff's Objections to the Magistrate Judge's Report and Recommendation

Plaintiff raises the same arguments as Objections to the Magistrate Judge's Report and Recommendation that she raised in her Motion to Reverse or Remand. The Memorandum [18] in support of Plaintiff's Objections [17] is a largely verbatim recitation of the Memorandum [13] in support of her Motion [12] to Reverse or Remand.  The only difference between the Memorandums is that Plaintiff added approximately fifteen paragraphs intermittently to the Memorandum in Support of her Objections.[1]

---

[1]Plaintiff discusses medical records and testimony in her Memorandums but does not direct the Court to those portions of the record where the medical records or testimony are located.  As the Fifth Circuit has observed, the Court is not required to search for evidence buried in the record to support Plaintiff's claims. *de la O v. Housing Auth. of City of El Paso, Texas,* 417 F.3d 495, 501 (5th Cir. 2005)(citing *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)).

E.      Analysis of Plaintiff's Objections

Having thoroughly reviewed the record, the Court concludes that the ALJ applied the proper legal standards and that his decision finding Plaintiff not disabled through the last date insured is supported by substantial evidence in the record.

1.      The Weight Accorded to Dr. Smith's Opinion

The ALJ did not err when he accorded Dr. Smith's opinion controlling weight as Dr. Smith's opinion is supported by objective medical evidence, buttressed by the nature and extent of Dr. Smith's treatment of Plaintiff, and Dr. Smith's treatment of Plaintiff occurred during the relevant time period.  Plaintiff has not set forth persuasive evidence indicating that Dr. Smith was unaware of Plaintiff's other impairments, particularly her lumbar spine, when he opined that she was "doing fine" in December 2007 and there was "[n]o reason for disability then."  R. [8] at 276.  Nor is the Court persuaded by Plaintiff's argument that her "bases for urging disability were primarily concerned with limitations imposed by her back."  Mem. [18] at 12-13.  Plaintiff has pointed to no specific portion of the record which supports this assertion, and the Court finds that the record as a whole does not support it.  Plaintiff's primary complaints throughout her medical records relate to her cervical spine.

In October and November 2007, Dr. Smith's examinations revealed that Plaintiff had normal strength, sensation, reflexes, and gait, and her incision "look[ed] good."  R. [8] at 277.  In December 2007, Plaintiff reported to Dr. Smith

that she was almost back to normal and not taking any pain medication.  R. [8] at 19, 276.  Dr. Smith's December 2007 examination was so unremarkable that he directed Plaintiff to return for treatment "as needed."  R. [8] at 277.

The ALJ did not err in considering the statement of Dr. Smith, completed in 2010, that Plaintiff was not disabled in December 2007, the last date he treated her. While the final responsibility for determining disability is reserved to the Commissioner, the ALJ is not prohibited from considering a physician's medical opinion that a claimant is not disabled when it is supported by objective medical evidence.  20 C.F.R. § 404.1527(d).  Dr. Smith's ultimate conclusion regarding disability is consistent with his contemporaneous treatment records.  The medical opinions of Dr. Vives-Jackson, the state agency physicians, and even the early treatment records of Dr. Mishra, indicate that Plaintiff's condition improved after surgery and report no impairments so severe as to be considered disabling.

To the extent that the opinions of the physicians other than Dr. Smith could be viewed as conflicting with Dr. Smith's views, conflicts in the evidence are for the ALJ to resolve.  *Selders v. Sullivan,* 914 F.2d 614, 617 (5th Cir. 1990).  The ALJ is entitled to determine the credibility of medical experts and lay witnesses and weigh their opinions accordingly.  *Greenspan v. Shalala,* 38 F.3d 232, 237 (5th Cir. 1994). The ALJ properly performed this function as the trier of fact, weighing and resolving any conflicts in the evidence.  The ALJ's findings of fact which are supported by substantial evidence are conclusive.  *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir. 1995).  This Court is not permitted to substitute its judgment for the

-13-

ALJ's even if it finds that the evidence preponderates against his decision.  *Bowling v. Shalala,* 36 F.3d 431, 434 (5th Cir. 1994).  Dr. Smith's treatment records and 2010 statement, the ALJ's findings that Plaintiff's testimony regarding her symptoms was not fully credible, and the consistency of this evidence with the record as a whole, easily exceed "more than a mere scintilla" of evidence.  The ALJ's decision must be affirmed.

> 2.   The Rejection of Dr. Mishra's Opinion

The ALJ did not err in rejecting Dr. Mishra's 2010 statement indicating that Plaintiff suffered from all listed symptoms and limitations.  Dr. Mishra's 2010 statement is inconsistent with the record as a whole, including Dr. Mishra's late 2008 and early 2009 treatment records.  R. [8] at 458-59.  Plaintiff did not report "severe extremity pain" to Dr. Mishra until July 17, 2009, over a year after the last date insured.  In the seven months prior to that time, Plaintiff reported improvement after surgery and intermittent pain "after doing physical work during the day."  R. [8] at 485.  A subjective complaint of intermittent pain does not indicate an impairment of disabling severity.  Dr. Mishra's 2010 statement was also properly discounted because Dr. Mishra did not indicate in the statement whether she was referring to Plaintiff's 2010 condition or her condition on or before the last date insured.

Plaintiff has not offered sufficiently persuasive case law or other legal authority supporting her argument that the ALJ erred by crediting the opinion of a neurosurgeon who treated Plaintiff and performed surgery on her during the

-14-

relevant time period over the opinion of Dr. Mishra, who only observed Plaintiff after the last date insured and whose contemporaneous treatment records, even after the last date insured, do not support the severe limitations Dr. Mishra attributed to Plaintiff in 2010.  Dr. Mishra's treatment records do not address Plaintiff's condition during the relevant time period and are thus not material. *Joubert v. Astrue,* No. 08-40175, 287 F. App'x 380, 383-84 (5th Cir. July 22, 2008). "Evidence is not material for purposes of remand unless it 'related to the time period for which disability benefits were denied.'" *Id.* (citing *Ripley,* 67 F.3d at 555).

Plaintiff has offered no case law or other legal authority supporting her assertion that Dr. Mishra's opinion should have been given controlling weight because her first treatment of Plaintiff in July 2008 was more proximate to the last date insured of June 30, 2008, than Dr. Smith's last treatment of Plaintiff in December 2007.  Dr. Smith's assessment of Plaintiff's condition six months prior to the date last insured is consistent with Dr. Vives-Jackson's unremarkable examination of Plaintiff forty days prior to the last date insured.

3.    Dr. Rosenquist's Treatment Records and the Weight Accorded Her 2010 Statement

It was not incumbent upon the ALJ to obtain Dr. Rosenquist's treatment records before rendering a decision "[b]ecause the record contained ample objective and opinion evidence supporting the ALJ's conclusions . . . ." *Jones,* 691 F.3d at 733.  An ALJ is not required to "order more evidence where the record is sufficient to establish whether the claimant is disabled." *Id.*  Remand is not appropriate

-15-

unless there is "a reasonable probability that the new evidence would change the outcome of the decision." *Joubert,* 287 F. App'x at 383.  "[R]emand is justified only if the claimant makes a showing of 'good cause' for failing to provided th[e] evidence at the original proceedings." *Id.*  In this case, not attempting to obtain Dr. Rosenquist's treatment records until thirty-two days prior to the ALJ hearing does not rise to the level of "good cause" sufficient to justify remand.

Even if the Court were to find that the ALJ was required to obtain Dr. Rosenquist's records, the Court would nevertheless affirm because Plaintiff has not demonstrated prejudice. *Jones,* 691 F.3d at 734.  The ALJ considered hundreds of pages of Plaintiff's medical records and heard Plaintiff's testimony, as well as the testimony of a vocational expert.  Plaintiff has not directed the Court to any portion of Dr. Rosenquest's treatment records which, to a reasonable probability, would have changed the ALJ's decision. *Ripley,* 67 F.3d at 555.  The mention of Plaintiff's subjective complaint of "arm pain" in an April 21, 2008, treatment record does not establish an impairment of disabling severity. *Hames v. Heckler,* 707 F.2d 162, 165 (5th Cir. 1983).  Dr. Rosenquist's 2010 "to whom it may concern" statement indicating that Plaintiff must recline several days a week as needed, and at least once a week recline much or most of the day, is not supported by Dr. Rosenquist's contemporaneous treatment records during the relevant time period, which reflect nothing more than Plaintiff's subjective complaint of arm pain and an unremarkable objective medical examination.  R. [8] at 492.  Furthermore, Dr. Rosenquist did not answer the portion of the "to whom it may concern" statement

-16-

requesting that she address Plaintiff's residual functional capacity for employment. Dr. Rosenquist also did not indicate whether Plaintiff was prevented from staring ahead at a computer screen for protracted periods or looking down to read or write for protracted periods.

        4.    <u>The Appeals Council's Decision Denying Review</u>

Finally, Plaintiff has not cited the Court to any case law or sufficiently persuasive legal authority which stands for the proposition that the ALJ's decision should be overturned because the Appeals Council's decision did not expressly state why Dr. Rosenquist's records did not justify review.  The Appeals Council's decision reflects that the Appeals Council considered the new evidence and found that it "does not provide a basis for changing the Administrative Law Judge's decision."  R. [8] at 6.  Even if the Court were to find that the Appeals Council was required to expressly state its reasons for discounting the new evidence, Plaintiff has not shown that Dr. Rosenquist's treatment records, to a reasonable probability, would have changed the Appeals Council's decision.  As stated earlier, the only treatment records from Dr. Rosenquist during the relevant time period indicate that Plaintiff complained of arm pain in April 2008, but Dr. Rosenquist's physical examination of Plaintiff was unremarkable.  This objection should be overruled.

In sum, because Plaintiff has not established prejudice justifying a remand and because substantial evidence in the record supports the ALJ's decision, the ALJ's decision denying Plaintiff disability benefits should be affirmed.

III.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent *de novo* review of the record and those matters raised in the Plaintiff's Objections. For the reasons set forth above, the Court concludes that Plaintiff's Objections [17, 18] should be overruled.  To the extent Plaintiff did not object to portions of the Magistrate Judge's Report and Recommendation [16], the Court finds that those portions are neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  The Court further concludes that the Magistrate's Report and Recommendation [16] should be adopted as the finding of the Court.  Plaintiff's Motion [12] to Reverse or Remand should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Objections [17, 18] filed by Plaintiff Janet Regan in this case are **OVERRULED**, and the Report and Recommendation [16] of Magistrate Judge Robert H. Walker is adopted in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Janet Regan's Motion [12] to Reverse or Remand is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the decision of the Commissioner is **AFFIRMED**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 31st day of March, 2014.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

-18-